**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

OLGA TARASENKO                                                                                                PLAINTIFF

v.                                                  No. 4:14CV00417 JLH

UNIVERSITY OF ARKANSAS, et al.                                                                    DEFENDANTS

**ORDER**

Olga Tarasenko was a tenured biology professor at the University of Arkansas at Little Rock. She was terminated for cause in the fall of 2012 allegedly for making discriminatory and threatening comments to a student. Tarasenko commenced this action alleging that the University and other defendants discriminated against her based on her sex and her national origin and violated her Fourteenth Amendment due process rights. She asserted claims for violations of due process, equal protection, and free speech rights, and she claimed that she was subjected to sex discrimination, national origin discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* She also alleged several state law causes of action.

The Court granted the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing Tarasenko's complaint without prejudice, while granting her the opportunity to seek leave to file an amended complaint. Tarasenko has filed a motion for leave to file an amended complaint and has attached her proposed amended complaint. The defendants have objected to the proposed amended complaint on the grounds that it does not remedy the defects in the original complaint and therefore granting the leave to amend would be futile. Tarasenko did not file a brief with her motion for leave to file an amended complaint, nor did she respond to the arguments made by the defendants in their objection to the motion for leave to amend.

The proposed amended complaint alleges only one federal cause of action, i.e., Count I, a claim under 42 U.S.C. § 1983 that the defendants denied Tarasenko the due process of law guaranteed by the Fourteenth Amendment. All of the other counts in the proposed amended complaint allege state-law causes of action: Count VII, violation of the Arkansas Civil Rights Act; Count VIII, breach of contract; Count IX, tortious interference with contract; and Count X, outrage.[1]

The Court explained at length in its original Opinion and Order that Tarasenko's complaint failed to allege a plausible claim that her due process rights were violated. As the defendants point out, the proposed amended complaint is not in substance different from the original complaint. For the reasons previously stated in dismissing the original complaint under Rule 12(b)(6), the proposed amended complaint would not withstand a motion to dismiss under Rule 12(b)(6). Therefore, the motion for leave to amend will be denied as futile. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). Tarasenko's federal claims are dismissed with prejudice.

Having disposed of Tarasenko's claims that are based on federal law, the remaining claims are state-law claims over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Court may decline to exercise supplemental jurisdiction after dismissing all of the claims that arise under federal law. *Id*. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7, 98 L. Ed. 2d 720 (1988). The Eighth Circuit

---

[1] The proposed amended complaint omits the following counts that were contained in the original complaint: Count II, equal protection; Count III, free speech; Count IV, Title VII sex discrimination; Count V, Title VII national origin discrimination; and Count VI, Title VII retaliation.

has said: "We stress the need to exercise judicial restraint and avoid state law issues wherever possible. We also recognize within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990).

Tarasenko's claims, for the most part, are based on allegations that the officials at the University of Arkansas failed to follow the University's own procedures. These issues implicate state law and questions relating to the public policy of the State of Arkansas. They are, therefore, issues that are best addressed by the state courts. Out of deference and comity to the state courts, the Court declines to exercise supplemental jurisdiction over Tarasenko's state-law claims. *See Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).

## CONCLUSION

For the reasons stated, Olga Tarasenko's federal-law claims are dismissed with prejudice. Because the Court declines to exercise supplemental jurisdiction over her state-law claims, those claims are dismissed without prejudice.

IT IS SO ORDERED this 19th day of December, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE